IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-1077-JWB-BGS |
| ) | |
| STATE OF KANSAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **REPORT & RECOMMENDATION FOR DISMISSAL**

In conjunction with his Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial affidavit (Docs. 3, 3-1, sealed) which was granted by the undersigned Magistrate Judge by separate Order (Doc. 5). The undersigned Magistrate Judge, however, herein **recommends** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failing to state a viable federal cause of action.

When a Plaintiff proceeds IFP, the Court may screen the Complaint under 28 U.S.C. § 1915(e)(2). Pursuant to that section, a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is

1

proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In addition, the Court also has an obligation to ensure it has subject matter jurisdiction to hear and resolve the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court may raise the issue *sua sponte*. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when authorized. *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *3 (D. Kan. Sept. 29, 2010), *aff'd*, 420 F. App'x 854 (10th Cir. 2011). When it becomes apparent that subject matter jurisdiction is lacking, the Court must dismiss the case regardless of the stage of the proceeding. *Fish v. Kobach*, 189 F. Supp. 3d 1107, 1124–25 (D. Kan. 2016). The Court has a duty to raise and resolve issues of subject matter jurisdiction, even if no party has objected to the exercise of jurisdiction. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006).

To determine whether a plaintiff has adequately alleged subject-matter jurisdiction, the Court looks to the face of the Complaint. *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). The Court will liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991). This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110. *See also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court

will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp. 2d at 1260 (citing *Twombly*, 127 S. Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Kay*, 500 F.3d at 1218 (citing *Twombly*, 127 S. Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 F.App'x. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury . . . ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 F.App'x 510, 515 (10th Cir. 2002). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the Court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

The *pro se* Complaint indicates that Plaintiff has brought this case seeking

> injunctive relief, declaratory relief, mon[e]tary damages, compensatory damages, and request for punitive damages, for violating [his] rights, privileges, immunities, secured under Federal and State statutory laws, secured under the Fourth, Fifth, Sixth, and Eighth Amendments to due process and equal protection secured un[d]er the Fourteenth Amendment to the United States [Constitution], 42 USC 1983 and 1985(c).

(Doc. 1, at 1-2.) Plaintiff's stream of consciousness narrative coupled with various syntax and grammatical errors make the exact nature of his claims difficult to ascertain. Further, he has chosen not to use the District of Kansas form Civil Complaint for *pro se* litigants but rather drafted his own Complaint.

Therein, for example, Plaintiff alleges that he

> respectfully requests there is no entry of any judic[i]al trial proceeding records made. Fed.R.Civ.P 15 (absent no parties relief can[n]ot be granted, the state is not a person ther[e]fore, there is no adqeuate [sic] remedy under the law which to recover or file this claim. In addition the unknown defendents [sic] never provided the most important status to determine the date the assig[n]ment of the case, intailing [sic] the partic[i]pants absent was not has been provided in excess of 19 years in this instant case as filed was barred without trial hearing the appointment of counsel, the prosecutor, and the presiding Judge, from Atlantic Dekalb Ga District court Clerk as the procedureal [sic] due

4

> process to make it work alleged [sic] was barred to not find their names from actions join in a conspraicy [sic] and co-conspritors [sic] on going. court docket case no.  In addition the statute numbers office[i]al discription [sic] two different charges never docketed or a[d]judicated to by each state Kansas and Georgia [sic], directly or indirectly holding Plaintiff Pet[i]tioner missing Na also the parole or probation officer name, the name of the Plaintiff Pe[ti]tioner that register in Atlanta Dekalb GA a Non extraditable warrant not extraditable as if Plaintiff Petit[i]oner had been Charged.  The State of Kansas as co-conspriators [sic] aidded [sic] and abetted by fraudulently offenses of their juris[d]iction as Gerorgia [sic] evidence undisputed the Motion leave to File pending the finical affidavit pursuant to Fed.R.Civ.P 201 for the court to take judic[i]al notice to make sure authentic [sic] reecords [sic] are not retainable, docketed trial dates hearings absent no adjudication of the two sex offender conviction are void as having at present kidnap as a life time register or an [sic] register sex offender no procedural due process posture is an obstruction of justice, willfully and malicious prosecution, abuse of State and Fedreral [sic] Rules both of Civ and Criminal P is a[n] undisputable record of evidence forming an Anarch against the Federal Gover[n]ment fraudulent concealment secured under Federal aand [sic] state statutory practices a mainfiestation [sic] of injustice secured under the Fo[u]rth, Fifth, Sixth, and the Eighth Amendments due process and equal protection sercured [sic] under the Fourteenth Amendments to the United States Constitution, 42 USC 1983 and the others Title codes to support a summary judgment from here attached Exhibit A.  [E]vidence found under the request of Federal R,Civ P, 201 is a summary Judgment Fed.R.Civ.P 57 conduct very discriptive [sic] and ongoing. See Exhibit A attached.

(Doc. 1, at 2-3.)

The Court surmises that Plaintiff is attempting to use the United States District Court as a means to review the alleged impropriety and/or unconstitutionality of criminal judicial proceedings in the courts of the States of Georgia and Kansas that resulted in Plaintiff being required to register as a sex offender.  (*See generally* Doc. 1 and Exhibit A thereto.)  The Court notes that § 1983 allows a civil action for the deprivation of certain rights.  As stated above, Plaintiff alleges violations of the Fourth, Fifth, Sixth, and the Eighth Amendments to the United States Constitution.

The Fourth Amendment protects individuals from unreasonable searches and seizures by the government.  The facts alleged by Plaintiff do not, however, reference or discuss any search or seizure to which he was subjected.  Even assuming for the sake of argument that Plaintiff's Fourth

Amendment rights were violated, he has failed to indicate how, when, or in what manner he was subjected to an unreasonable search and/or seizure. The Court, therefore, **recommends** that Plaintiff's Fourth Amendment claim be **DISMISSED** on this basis.

The Fifth Amendment protects an individual from self-incrimination, allowing them to refuse to submit to questioning. The Court is unable to find any reference in Plaintiff's Complaint that he was forced to submit to questioning and/or he was not allowed to invoke his Fifth Amendment rights. Even assuming that Plaintiff's Fifth Amendment rights were violated, he has failed to indicate how, when, or in what manner he was forced to incriminate himself. The Court **recommends** that Plaintiff's Fifth Amendment claim be **DISMISSED** on this basis.

This brings the analysis to the Sixth Amendment, which provides certain rights to individuals during criminal trials. Included are the rights to legal representation, to a fast and public trial, an impartial jury of one's peers, to be informed of the criminal charges faced, to confront witnesses, and to have witnesses appear at trial. A review of Plaintiff's Complaint finds no explicit reference or allegations relating to the deprivation of any of these rights. In other words, he has failed to indicate how, when, or in what manner is rights under the Sixth Amendment were violated or deprived. The Court **recommends** that Plaintiff's Sixth Amendment claim be **DISMISSED** on this basis.

The Eighth Amendment protects individuals from excessive bail as well as cruel and unusual punishment. There is no reference to bail in Plaintiff's *pro se* Complaint, nor is there any reference to what could be construed as cruel and unusual punishment. The Court **recommends** that Plaintiff's Eighth Amendment claim be **DISMISSED** on this basis.

Additionally, because Plaintiff's claims appear to relate to state court criminal proceedings that were adjudicated in the District Court of Dekalb County, Georgia (with a possible additional reference to charges not docketed or adjudicated in Kansas courts), this Court does not have subject matter jurisdiction over such claims. Pursuant to the *Rooker-Feldman* doctrine, a federal court does

not have jurisdiction to review decisions of a state court or any claim "inextricably intertwined" with claims decided by a state court. *See Mounkes v. Conklin*, 922 F. Supp. 1501, 1508-10 (D. Kan. 1996) (explaining the doctrine, deriving from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923)). "The law does not allow Plaintiff to ignore state court procedures and remedies and collaterally attack state court rulings by filing a case in federal district court." *Amack v. Young Williams PC*, No. 21-4054, 2021 WL 6802807, at *2 (D. Kan. Sept. 20, 2021), *report and recommendation adopted*, No. 21-4054, 2022 WL 326357 (D. Kan. Feb. 3, 2022). The undersigned Magistrate Judge thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** for lack of subject matter jurisdiction and for failing to state a cause of action pursuant to federal law.

Even assuming Plaintiff has properly alleged violations of his federal rights, the Court has concerns that the statute of limitations would bar Plaintiff's claims. There is no specific reference in the Complaint as to exactly *when* the alleged violations occurred. The only temporal reference in Plaintiff's Complaint appears on page 2, wherein Plaintiff states "the unknown defendents [sic] never provided the most important status to determine the date the assig[n]ment of the case, intailing [sic] the partic[i]pants absent was not has been provided in excess of 19 years in this instant case as filed was barred without trial hearing the appointment of counsel, the prosecutor, and the presiding Judge … ." (Doc. 1, at 2.) Clearly, events occurring 19 years ago would be barred by any applicable statute of limitations for a civil lawsuit. For instance, the statute of limitations for a 42 U.S.C. § 1983 action accruing in Georgia (where the relevant state court legal proceedings occurred) is two years. *Lovett v. Ray*, 327 F.3d 1181, 1128 (11th Cir. 2003). The same two-year statute of limitations applies to § 1983 claims in Kansas. *Lewis v. Dodge City Comm. College*, No. 22-3027-JAR-RES, 2024 WL 896197, *4. For all of the above reasons, the undersigned Magistrate Judge **recommends** to the District Court that Plaintiff's claims be **DISMISSED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for lack of subject matter jurisdiction and because he has failed to state a claim upon which relief may be granted as discussed above. The Clerk's office shall <u>not</u> proceed to issue summons in this case.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. <u>Any objection filed by Plaintiff should specifically address the deficiencies with his Complaint discussed herein.</u> Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated at Wichita, Kansas, on this 15th day of May, 2024.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge
