IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL MCDONALD,

        Plaintiff,

v.                                                                   Case No. 24-1077-JWB-BGS

STATE OF KANSAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection and request to amend complaint (Doc. 8, 10) in response to Magistrate Judge Brooks G. Severson's Report and Recommendation ("R&R") (Doc. 6), which recommends that the complaint be dismissed for lack of subject matter jurisdiction and failure to state a claim. Plaintiff's objections are OVERRULED and his request to amend is DENIED for the reasons stated herein.

**I.    Facts**

The underlying facts in this matter have previously been laid out in Magistrate Judge Severson's R&R (Doc. 6). Plaintiff filed his pro se complaint on May 8, 2024, alleging a civil rights claim under 42 U.S.C. § 1983 and asserting that his rights under the Fourth, Fifth, Sixth and the Eighth Amendments had been violated by the states of Kansas and Georgia. (Doc. 1 at 1-2.) He alleges that his continued placement on the sex offender registry in Kansas from a statutory rape conviction in Georgia is illegitimate due to a lack of records, and requests "injuntive [sic] relief, declaratory relief, montary [sic] damages, compensatory damages, and request for punitive damages." (Doc. 1 at 1.)

1

Magistrate Judge Severson entered an R&R on May 15, 2024, recommending that the complaint be dismissed since it fails to establish subject matter jurisdiction and fails to state a cause of action pursuant to federal law.  (Doc. 6.)  On May 21, 2024, Plaintiff filed a document titled "reply response obection [sic] is rule 15 to correct and clear error by objection to be granted to file an amneded [sic] complaint to proceed," which this court construes as an objection to the R&R and a motion to amend the complaint.  (Doc. 8.)  Plaintiff then filed a supplement to his response to the R&R on June 6, 2024, in which he included his most recent sex offender registration.  (Doc. 10.)

**II.     Standard**

A complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court...' ").

Because Plaintiff is proceeding pro se, the court is to liberally construe his filings.  *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.    Analysis**

As an initial matter, Plaintiff's objection fails to specifically address Magistrate Judge Severson's ruling.  Rather, the document appears to be Plaintiff's attempt to add facts to his complaint.  The court finds that Plaintiff's filings are not proper objections to the R&R, and Plaintiff's failure to properly object to any portion of the R&R leaves him with no entitlement to appellate review.  *Williams*, 2019 WL 6167514, at *1.  Accordingly, the court will review Plaintiff's objection under the clearly erroneous or contrary to law standard.  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

As noted by Magistrate Judge Severson, Plaintiff's complaint is very difficult to follow and is essentially a "stream of consciousness narrative." (Doc. 6 at 4.)  After review, the court finds that it lacks subject matter jurisdiction over this action.  Plaintiff's complaint names as Defendants the states of Kansas and Georgia.[1]  States are entitled to immunity from suit under the Eleventh Amendment unless the State has waived its immunity.  *See Emps. of Dep't of Pub. Health & Welfare v. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973) (explaining that the Eleventh Amendment bars citizen-lawsuits filed by residents and non-residents in federal court against "unconsenting State[s]"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)

---

[1] Plaintiff's complaint does not specifically name any other individual or state officer as a defendant, rather he only names the states. (Doc. 1.)

(holding neither a State nor its officials acting in their official capacities are "persons" under § 1983). Although "a suit for prospective relief against **state officials** named in their official capacities, based upon an ongoing violation of federal law, is not considered an action against the state within the meaning of the Eleventh Amendment," Plaintiff has not plausibly alleged a claim against a state official. *Muscogee (Creek) Nation v. Okla. Tax Com'n*, 611 F.3d 1222, 1234 (10th Cir. 2010) (emphasis supplied). Therefore, his claims are subject to dismissal as Kansas and Georgia are entitled to immunity from suit. Additionally, even if Plaintiff asserted a valid claim against a state official concerning his state conviction in Georgia, the court would lack jurisdiction to review that conviction in the manner requested by Plaintiff under the *Rooker-Feldman* doctrine. *See Jackson v. Peters*, 81 F. App'x 282, 285–86 (10th Cir. 2003); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019).

### IV.   Conclusion

For the reasons stated herein, the court finds that Plaintiff's complaint fails to establish subject matter jurisdiction. Magistrate Judge Severson's R&R (Doc. 6) is hereby ADOPTED IN PART as it pertains to subject matter jurisdiction, and the complaint is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION. Plaintiff's request to amend his complaint (Doc. 8) is DENIED as moot.

IT IS SO ORDERED. Dated this 18th day of September, 2024.

          s/ John W. Broomes
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE